UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRED OSCAR BRINSON,<br><br>Plaintiff,<br><br>v.<br><br>LAURA LAWSON, et al.,<br><br>Defendants. | Case No. 25-12138<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ADOPTING REPORT AND RECOMMENDATION [41] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [21]**

Fred Oscar Brinson is currently incarcerated at Chippewa Correctional Facility in Kincheloe, Michigan. (ECF No. 6.) He claims that while incarcerated at Gus Harrison Correctional Facility (ARF), nurses failed to provide him a medically-necessary extra-long mattress. (ECF No. 1.) So in July 2025, he filed this *pro se* 42 U.S.C. § 1983 case against the nurses and wardens at ARF, alleging violations of his Eighth and Fourteenth Amendment rights. (ECF No. 1.) All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. (ECF No. 9.)

On September 24, 2026, Judge Stafford issued a report and recommendation to grant in part and deny in part Defendants' motion for summary judgment (ECF No. 21). (ECF No. 41.) At the conclusion of her report and recommendation, Judge Stafford notified the parties that they were required to file any objections within 14 days of service of the report and recommendation, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]if

a party fails to timely file specific objections, any further appeal is waived." (ECF No.41, PageID.324–325.) Since Brinson was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so Brinson's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that Brinson may have mailed, it has now been over a month since the report and recommendation was served. No objections have been filed.

The Court finds that Brinson's failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that, "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has held that this procedural default rule does not violate either the Federal Magistrates Act or the federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that Brinson has waived further review of Judge Stafford's report and recommendation and accepts the recommended disposition. (ECF No. 41.) Brinson's motion for summary judgment and motion for leave to file an amended complaint (ECF Nos. 39, 43) remain pending before Judge Stafford.

SO ORDERED.

Dated: November 2, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge